IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | Case No. 2:13-cr-140-SLB-JEO-5 |
| | ) | |
| **DEANDRE R. MURRELL.** | ) | |

### FINDINGS OF FACT AND STATEMENT OF
### REASONS FOR PRETRIAL DETENTION

This matter is before the Court on the Government's motion for pretrial detention of defendant Deandre Murrell. The Government contends that there is no condition or combination of conditions that the Court may impose that will reasonably assure that Mr. Murrell will appear as required and that he will not endanger the safety of any other person and the community. Pursuant to 18 U.S.C. § 3142(f), the Court conducted a detention hearing on May 29, 2013. Based on the record created at the hearing, the Court ordered the pretrial detention of Mr. Murrell. Pursuant to 18 U.S.C. § 3142(i)(1), the Court provides the following written findings of fact and statement of the reasons for pretrial detention.

### PROCEDURAL BACKGROUND

In an indictment dated April 25, 2013, the Grand Jury charged that Mr. Murrell allegedly violated 21 U.S.C. §§ 846, 843(b), and 841(a)(1), (b)(1)(A), and

(b)(1)(C).[1]  These charges pertain to an alleged conspiracy to distribute and the unlawful distribution of heroin and other controlled substances.

At his initial appearance on May 21, 2013, the Court set a detention hearing for May 24, 2013.  (May 22, 2013 docket entry).  The Court ordered Mr. Murrell's temporary detention pending the May 24, 2013 detention hearing.  (Doc. 23).  At the detention hearing. Mr Murrell's retained counsel noted that he had just become involved in the case.  He requested a recess in the detention hearing so that he could consult with his client and prepare for the hearing.

The detention hearing resumed on May 29, 2013.  The Government noted the presumption in favor of detention.  Because of his criminal history, given the charges against him, the Government contends that Mr. Murrell is facing a potential life sentence, so he is likely to flee if released pretrial.  The Government's witness testified that police attempted to stop Mr. Murrell on one occasion, but Murrell fled from police.  Although they did not get the license number of the vehicle during the chase that ensued, police identified the vehicle that Murrell was driving as a white Jeep Cherokee.  Agents are confident that Mr. Murrell was involved in the chase because he discussed it with one of his co-defendants, Billy Williams, Jr., in a recorded telephone conversation.  When

---

[1] The Government seeks the forfeiture of certain property pursuant to 21 U.S.C. § 853(a)(1) and (a)(2).

agents arrested Mr. Murrell, they seized a white Jeep Cherokee. There were no drugs or weapons in the car when agents seized it.

According to the Pretrial Services Report, Mr. Murrell currently is self-employed in the field of landscaping, but he is unable to confirm a monthly income. His last employer was T&F Electrical Services in Birmingham. He worked for that company for six (6) months in 2007.

The Pretrial Services Report provides a description of Mr. Murrell's criminal history. That history begins in 2008 when Mr. Murrell was 22 years old and runs through 2011. All of the criminal charges in the report pertain to drug use or drug trafficking. Significantly, on March 10, 2010, Mr. Murrell began serving 36 months of probation on charges relating to receipt and possession of controlled substances. While Mr. Murrell was on probation, the state court issued warrants for his arrest for violation of the terms of probation on three separate occasions. That probation was terminated on August 12, 2011. Mr. Murrell also was arrested for alleged probation violations on separate charges for possession of a controlled substance.[2] The conduct alleged in the federal indictment against Mr. Murrell occurred while he was on bond on pending state court charges for trafficking and possession of controlled substances. Based on this information,

---

[2] During the detention hearing, the Government suggested that one of those possession charges involved heroin.

the United States Probation Office recommends detention.

Mr. Murrell's aunt expressed her willingness to serve as a third-party custodian and testified that she understands the responsibilities that she would undertake if the Court appointed her.  Mr. Murrell's aunt acknowledged that Mr. Murrell was living with her in 2010 or 2011 while he was on probation.  She was not aware that he had encountered problems with his probation while he lived at her house.

## FINDINGS OF FACT
## AND STATEMENT OF THE REASONS FOR DETENTION

Pursuant to 18 U.S.C. § 3142, the Court grants the Government's request for pretrial detention.  As an initial matter, § 3142(e)'s rebuttable presumption in favor of detention applies in this case.  With the presumption in favor of detention as a backdrop, the Court considered the § 3142(g) factors that the Court must take into account in determining whether there are conditions that would reasonably assure Mr. Murrell's future appearance at proceedings in this matter and the safety of the community if the Court were to release Mr. Murrell.  Those four factors weigh in favor of detention.

The first factor, the nature and circumstances of the offense charged, counsels in favor of detention.  Mr. Murrell is named as a member of a conspiracy concerning distribution of heroin, cocaine, codeine, and hydrocodone.  The

indictment also charges that Mr. Murrell participated in telephone calls designed to further that conspiracy.  The second factor, the weight of the evidence against Mr. Murrell, also supports detention.  Although he is presumed innocent, the Government played a recorded conversation between Mr. Murrell and one of his co-defendants that supports the conspiracy charge against Mr. Murrell.  In addition, when police first tried to stop Mr. Murrell, he fled from them.  He later reported his escape from police in a recorded telephone conversation with one of his purported co-conspirators.  Mr. Murrell's criminal history, including his drug possession and trafficking convictions and alleged probation violations, support detention as does the fact that Mr. Murrell was on bond on state drug charges when the conduct at issue in the indictment occurred.  Finally, there is a significant risk that Mr. Murrell might flee because of the potential sentence that he faces in this matter.

    The Court acknowledges Mr. Murrell's efforts to identify a suitable third-party custodian, but the Court finds that Mr. Murrell's aunt is not a suitable custodian under the circumstances, in large part because she was unaware of his arrests for alleged probation violations that seem to have occurred while Mr. Murrell was living with his aunt.  Accordingly, the Court finds that Mr. Murrell has failed to rebut the presumption in favor of detention.  The Court accepts the United States Probation Office's detention recommendation.

## CONCLUSION

Having considered the nature of the charges against Mr. Murrell, the evidence that the Government has described, and Mr. Murrell's criminal history together with the applicable presumption, the Court finds that there is no condition or combination of conditions that the Court may impose that would reasonably assure that Mr. Murrell would not flee or pose a threat to a member of the community. Therefore, the Court orders his pretrial detention.

Done, this the 4th day of June, 2013.

*/s/ Madeline H. Haikala*
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE